## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHNATHON KELLY,** | ) | |
| Petitioner, | ) | **Civil Action No. 7:21CV00382** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **WARDEN J.C. STREEVAL,** | ) | **Chief United States District Judge** |
| Respondent. | ) | |

## MEMORANDUM OPINION

Johnathon Kelly, a federal inmate proceeding pro se, filed a document in the United

States Court of Appeals for the Fourth Circuit that he titled as a "Motion for Permission to

File a Second or Successive Motion to Vacate a Conviction." ECF No. 1. That court

transferred the document to this court with an order indicating that the filing should be treated

as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] ECF No. 2. The

document does not clearly specify the conviction Kelly is challenging. Based on the

information he provided and the court's review of records under his name, though, it appears

that he is challenging his 2014 conviction in the United States District Court for the Northern

District of Georgia for transporting a minor in interstate commerce for prostitution. United

States v. Kelly, No. 1:13-cr-108-ELR-JSA (N.D. Ga.).

For the reasons discussed in more detail below, the court concludes that Kelly is not

entitled to proceed under 28 U.S.C. § 2241. Instead, the court concludes that jurisdiction is

lacking over Kelly's § 2241 petition.

---

[1] Kelly then filed a supplemental petition directly in this court, which is nearly identical. ECF No. 3.

## I.    BACKGROUND

The docket sheet in Kelly's criminal case reflects that Kelly pled guilty to violating 18 U.S.C. § 2423(a).  Id., ECF No. 78.  In September 2014, he was sentenced to 132 months of imprisonment to be followed by twenty years of supervised release.  Id., ECF Nos. 85–86.  He filed a 28 U.S.C. § 2255 motion in March 2017, which was dismissed as untimely on August 10, 2018.  Id., ECF No. 113.  He appealed, but both the district court and the Eleventh Circuit denied him a certificate of appealability.  Id., ECF Nos. 113, 122.  Kelly then filed another § 2255 motion in the Northern District of Georgia, purporting to assert a claim of actual innocence.  That motion was dismissed for lack of jurisdiction because it was second or successive and he had not received authority to file it.  Id., ECF No. 129.

Kelly subsequently filed a request in the Eleventh Circuit for authorization to file a second § 2255 motion, but that request was denied.  Id., ECF No. 131; In re Johnathon Kelly, No. 20-12691-J (11th Cir. July 30, 2020) (order denying authorization to file second or successive § 2255 motion).  In his petition before this court, Kelly purports to advance a claim of actual innocence based on text messages between him and the victim, and based on a victim's statement, which is the same evidence and same type of claim the Eleventh Circuit denied him leave to file in a second or successive § 2255 motion.  See id.

## II.    DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence after a direct appeal has concluded.  However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he

demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255(e).[2]

Section 2255 is inadequate or ineffective to test the legality of a conviction only when

the following three requirements are met:

1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[3]

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). These requirements are jurisdictional. Thus,

a § 2241 petitioner relying on the savings clause to challenge his conviction must meet the

Jones test for the district court to have jurisdiction to evaluate the merits of his claims. See

United States v. Wheeler, 886 F.3d 415, 423–26 (4th Cir. 2018).

Nothing about Kelly's filing satisfies the Jones factors. Kelly does not identify any

change in the law at all, let alone a change in substantive law that occurred after his direct

appeal and first § 2255 motion. Instead, his arguments are based on facts that existed before

his guilty plea and sentencing, and evidence that he says he did not obtain until later because

---

[2] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." Lester v. Flournoy, 909 F.3d 708, 711 (4th Cir. 2018).

[3] The gatekeeping provisions of § 2255(h) require a prisoner, before filing a "second or successive" § 2255 motion, to receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. Lester, 909 F.3d at 710–11 (citing 28 U.S.C. § 2255(h)(1)–(2)). As noted, Kelly has already sought and been denied such permission by the Eleventh Circuit.

of his trial counsel's ineffectiveness.  Accordingly, he cannot satisfy the <u>Jones</u> standard to show

that § 2255 is inadequate and ineffective to test the legality of his conviction.  Thus, the claims

he asserts in his petition cannot be addressed under § 2241.

### III.    CONCLUSION

For the reasons stated herein, Kelly cannot proceed under § 2241 and his petition must

be dismissed for lack of jurisdiction.  An appropriate order will be entered.

It is so **ORDERED**.

Entered:  July 7, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.07.07 17:38:45
-04'00'

Michael F. Urbanski
Chief United States District Judge